IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 24–25–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ALAINA MARIE GARCIA, | |
| Defendant. | |

Before the Court is Defendant Alaina Marie Garcia's Third Motion to Continue Trial. (Doc. 29.) The Motion requests a continuance of the trial currently set for June 9, 2025, and corresponding pretrial deadlines. (*Id.* at 1.) The United States does not oppose. (*Id.* at 2.) Garcia has waived her speedy trial rights through September 29, 2025. (Doc. 23.)

A district court may grant a continuance and exclude the time period of the continuance from the calculation of the speedy trial deadline when "the ends of justice served by [the continuance] outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether an "ends of justice continuance" is appropriate, a district court must consider, inter alia, whether the failure to grant the continuance will result in a miscarriage of justice; whether the case is so unusual or complex that it is unreasonable to expect

1

adequate preparation within the time limits imposed by the Speedy Trial Act; and whether the case, while not inordinately complex or unusual, would deny the defendant continuity of counsel or would deny counsel the reasonable time necessary for effective preparation. *Id*. § 3161(h)(7)(B).

An "ends of justice continuance . . . must be specifically limited in time[] and . . . must be justified on the record with reference to the facts as of the time the delay is ordered." *United States v. Lloyd*, 125 F.3d 1263, 1268 (9th Cir. 1997) (internal quotation marks, alterations, and citation omitted). Any additional time is properly excluded under the Speedy Trial Act "only if the district court makes certain findings enumerated in [§ 3161(h)(7)]." *Bloate v. United States*, 559 U.S. 196, 203 (2010).

Garcia is charged with two counts of Bank Fraud, in violation of 18 U.S.C. § 1344 (Counts 1–2); one count of Wire Fraud, in violation of 18 U.S.C. § 1343 (Count 3); and nine counts of Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity, in violation of 18 U.S.C. §§ 1957 and 2 (Counts 4–12). (Doc. 1.) Garcia argues a continuance is necessary because her counsel has been discussing a resolution of this matter with the Government. (Doc. 30 at 2.) The Court agrees a continuance is warranted.

Specifically, the Court finds that, although this case is not "so unusual or complex . . . that it is unreasonable to expect" a case to be tried within 70 days, 18

U.S.C. § 3161(h)(7)(B)(ii), the failure to grant a continuance would result in a miscarriage of justice. Garcia is charged with bank fraud, which carries a statutory maximum sentence of thirty years imprisonment; wire fraud, which carries a statutory maximum sentence of twenty years imprisonment; and money laundering, which carries a statutory maximum sentence of ten years imprisonment. (Doc. 1.) Additional time is needed for Garcia and her counsel to seek a resolution to this case. The ends of justice served by allowing additional time for Garcia to negotiate with the Government outweigh the best interests of the public and the defendant in a speedy trial.

Accordingly, IT IS ORDERED that the Motion (Doc. 29) is GRANTED. The trial scheduled for June 9, 2025, is VACATED and RESET for September 15, 2025, at 9:00 a.m. at the Russell Smith Federal Courthouse in Missoula, Montana.

IT IS FURTHER ORDERED that all associated deadlines are VACATED. The motions deadline is reset for June 20, 2025. The plea agreement deadline is reset for September 4, 2025. The JERS deadline and jury instructions and trial briefs deadlines are reset for September 10, 2025.

The Court's previous scheduling order (Doc. 13) otherwise remains in full force and effect.

DATED this 16th day of April 2025.

_____
Dana L. Christensen, District Judge
United States District Court